## In re Estate of Katchurin

*Louis S. Criden,* pro se.

OTT, *J.,* October 26, 1995—A suspended lawyer appeals from an order directing him to cease acting as counsel for this estate.

## FACTS AND PROCEDURAL HISTORY

In a per curiam order dated August 2, 1994, the Supreme Court of Pennsylvania, following its review of the report and recommendations of the Disciplinary Board dated February 14, 1994, suspended Louis S. Criden, attorney I.D. no. 12131, from the bar of this Commonwealth for a period of three years and directed him to comply with Pennsylvania Rule of Disciplinary Enforcement 217. This public discipline was occasioned by Mr. Criden's stipulation, inter alia, that by 60 separate transactions between June 3, 1988, and May 4, 1989, he converted more than $75,000 of funds from two different trusts to his own benefit. On August 31, 1995, this suspension order was brought to the attention of the undersigned, along with information that Mr. Criden was acting as counsel for the instant estate. A review

of the files maintained by the Montgomery County Register of Wills and Clerk of the Orphans' Court revealed that Mr. Criden was, indeed, practicing law.

The original petition for probate and grant of letters submitted on June 13, 1994, designated Mr. Criden as attorney for the estate. Contrary to Pa.R.D.E. 217(b), Mr. Criden never moved this court for leave to withdraw following his suspension. Instead, on August 16, 1994, he dated and signed a certification of notice under Supreme Court Orphans' Court Rule 5.6(a) as "counsel for personal representative." This document was filed with the register of wills on August 22, 1994. On September 6, 1994, Mr. Criden sent a letter to the register of wills with which he enclosed a check in the amount of $50,000 toward payment of inheritance tax.[1] On March 7, 1995, an inheritance tax return was filed with the register of wills, signed by Mr. Criden on March 5, 1995, as the preparer. The same day, an inventory was filed. A comparison of the handwriting on the inheritance tax return and the inventory would lead one to conclude these documents were prepared by the same person. Additionally, in the file maintained by our clerk of the orphans' court, an answer on behalf of the executor and his spouse was filed on July 12, 1995, to a petition raising an appeal from probate. It is apparent that the responsive pleading was prepared by an experienced practitioner and, although the pleading contained a blue

---

1. The letter had slightly more than one inch torn off the top, which portion, we presume, contained a reference to law offices. The partial letterhead remaining reflected Criden's name, office addresses and phone number but contained no reference to attorney status.

legal backer, the name of an attorney was conspicuously absent. Counsel for the petitioner in the appeal from probate confirmed that Mr. Criden was negotiating the issues raised by these pleadings on behalf of the estate.

As a result of our discoveries, we immediately delivered a letter to the Office of Disciplinary Counsel which recounted these revelations. Further, we sua sponte issued the following order.

"And now, August 31, 1995, the court having been advised that Louis S. Criden, Esquire, was suspended from the bar of this Commonwealth for a period of three years effective August 2, 1994, and has, nevertheless, acted as counsel for the above-referenced estate, Louis S. Criden is ordered and directed to cease all such activities forthwith and is further ordered and directed to turn over any and all documents and assets pertaining to this estate in his possession, to Herbert Pottash, executor, forthwith.

By the court:

Stanley R. Ott, J."

On September 25, 1995, Mr. Criden appealed from the entry of our order, necessitating this opinion.

## ISSUES

Mr. Criden's concise statement of matters complained of on appeal raises five challenges: (1) our order was entered without prior notice to him; (2) he was not told of the information made available to the court nor given an opportunity to respond; (3) proceedings were held ex parte; (4) the order is based on inaccurate misrepresentations; (5) the order violates his due process rights under the Federal and Pennsylvania Constitutions.

## DISCUSSION

"There is a vague popular belief that lawyers are necessarily dishonest. . . . Let no young man, choosing the law for a calling, for a moment yield to this popular belief. Resolve to be honest at all events; and if, in your own judgment, you cannot be an honest lawyer, resolve to be honest without being a lawyer. Choose some other occupation, rather than one in the choosing of which you do, in advance, consent to be a knave." Abraham Lincoln, *Notes on the Practice of Law,* 1850.

This appeal takes chutzpah to a new level. With no apparent shame for the ignominy of being suspended from the practice of law, Mr. Criden insists upon exercising due process rights he does not possess. The Supreme Court of Pennsylvania has the exclusive authority to regulate the practice of law in Pennsylvania. Pennsylvania Bar Admission Rule 103. It also has exclusive power to supervise the conduct of attorneys. Pa.R.D.E. 103. One of several disciplines available within the regulatory authority of the Supreme Court is suspension for a period not exceeding five years. Pa.R.D.E. 204(a)(2). Thus, the Supreme Court's order of August 2, 1994, was final and unappealable.

Which of the two directives contained in our order does Mr. Criden challenge? He does not say. The first directed him to cease practicing law. That was the Supreme Court's decision, not ours. The second mandated he turn over documents and assets of the estate to the executor. That obligation flowed inevitably from Mr. Criden's duty to withdraw his appearance following his suspension pursuant to Pa.R.D.E. 217(b). Perhaps Mr. Criden just wants to challenge our underlying con-

clusion that he practiced law after his suspension. To that end, in pleadings recently filed by the estate's successor counsel, it is alleged "Mr. Criden has informed the undersigned counsel that he did not perform legal services for the estate subsequent to his suspension from the practice of law."[2] We believe Mr. Criden's paper trail belies any such statement.[3] Regardless, the operative provisions of our order did him no injustice.

The unauthorized practice of law within the Commonwealth of Pennsylvania is a misdemeanor of the third degree. 42 Pa.C.S. §2524. Although Mr. Criden will be entitled to due process if criminal charges are filed, he was not entitled to notice or process from this court before we took appropriate action to safeguard the integrity of a matter pending before us. Our job has been made difficult enough by Mr. Criden's deceitful practices. This arrogant and frivolous appeal should be dismissed.

-----

2. Executor's response to petition for removal of Herbert Pottash as executor, paragraph 9, and executor's response to petition for Herbert Pottash, as executor, to be compelled to file a formal accounting, paragraph 9. Both of these pleadings were filed on October 18, 1995.

3. Interestingly, pleadings filed September 18, 1995, contained exhibits reflecting checks written on the estate account. On five occasions between June 20 and October 4, 1994, Mr. Criden was issued checks aggregating $29,000 on account of "counsel fees." This works out to more than $4,000 for each of the seven weeks between the opening of the estate and the suspension order.